UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | | Criminal Action 24-44-JWD-RLB | |
|---|---|---|---|
| -vs- | | | |
| ALLBERT HERRERA MACHADO | | AUSA: Benjamin Anderson<br>Deft. Atty.: Marci Blaize | |
| JUDGE: | Richard L. Bourgeois, Jr. | DATE: | May 30, 2024 |
| DEPUTY CLERK: | Samantha O'Neill | REPORTER/COURTROOM: | FTR GOLD/CTRM 6 |
| INTERPRETER: | Rosinda Morales | PRETRIAL/PROBATION: | Megan Shields |

CLERK'S MINUTES
INITIAL APPEARANCE AND ARRAIGNMENT

Marci Blaize made an appearance on behalf of the defendant as standby counsel.

Interpreter, Rosinda Morales, was sworn to interpret the proceedings.

The defendant was sworn, advised of his rights and the purpose of this hearing.

The defendant was advised of his right to consular notification. The defendant requested that his consular officials be notified.

Upon questioning by the court, the defendant advised that he wanted counsel appointed to represent him in this matter. The court questioned the defendant concerning his financial condition, found that the defendant is eligible for court-appointed counsel and appointed the Office of the Federal Public Defender to represent the defendant or to appoint a CJA panel attorney.

Marci Blaize appeared on behalf of the defendant.

The defendant was informed of the charges pending against him in the Indictment.

The government moved for detention of the defendant under 18 U.S.C. § 3142(f)(1)(A) under 18 U.S.C. § 3142(f)(1)(B) on the basis that the defendant is charged with a

C;Cr1: T:00:12
C;Cr23: T:00:17

crime of violence and the defendant is charged with an offense for which the maximum sentence is life imprisonment.

The defendant stipulated to detention, reserving his right to reopen the issue of detention should his circumstances change. The government did not object. Based on the defendant's stipulation, the court granted the government's motion for detention and ordered the defendant detained subject to his right to another detention hearing upon petitioning the court for same.

The defendant agreed to go forward with the arraignment this date.

The defendant was informed of the maximum possible penalties associated with the charges, if convicted.

The defendant entered pleas of NOT GUILTY to Counts 1 and 3 of the Indictment.

The court accepted the defendant's pleas of NOT GUILTY and will issue a scheduling order.

The court advised counsel that the pretrial conference is scheduled for July 10, 2024 at 1:00 p.m. by video before United States District Judge John W. deGravelles, and the trial is scheduled for July 22, 2024 at 9:00 a.m. in Courtroom One.

The parties were advised that, pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court. This oral order is entered under Rule 5(f)(1) of the Federal Rules of Criminal Procedure.

C;Cr1: T:00:12
C;Cr23: T:00:17

**The defendant was remanded to the custody of the U.S. Marshal pending further proceedings.**

C;Cr1: T:00:12
C;Cr23: T:00:17